**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YENNY ALVAREZ RAMIREZ, | No. 23-3567 |
| Petitioner, | Agency No. A220-460-428 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025**
Pasadena, California

Before: PAEZ, IKUTA, and R. NELSON, Circuit Judges.

Yenny Alvarez Ramirez petitions for review of an order of the Board of

Immigration Appeals (BIA) affirming the decision of an immigration judge (IJ)

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

With respect to asylum and withholding of removal, the BIA did not err in concluding that Alvarez Ramirez failed to meaningfully challenge the IJ's determinations that she did not establish past harm rising to the level of persecution or an objectively reasonable fear of future persecution. Alvarez Ramirez's brief to the BIA did not put the BIA on notice of her challenge to the IJ's determinations about persecution, which were dispositive of her claims for asylum and withholding of removal. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019); *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). Because Alvarez Ramirez failed to exhaust her arguments before the BIA, as required by 8 U.S.C. § 1252(d)(1), we deny Alvarez Ramirez's petition as to her unexhausted claims for asylum and withholding of removal. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Finally, substantial evidence supports the BIA's decision that Alvarez Ramirez is not entitled to relief under the CAT. The record does not compel the conclusion that she will more likely than not experience torture if removed to Guatemala. *See Dawson v. Garland*, 998 F.3d 876, 882 (9th Cir. 2021).

**PETITION DENIED.**